IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Sam Bonds, ) | |
| ) | C/A No.: 6:07-1135-JFA-WMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C..

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). The court is charged with making a <u>de novo</u> determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Sam Bonds ("plaintiff") brought this action pursuant to section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of the final decision

1

of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

In a prior application, the plaintiff was represented by a non-attorney and filed for DIB on October 31, 2000 (protectively filed October 17, 2000), alleging that he became unable to work on June 27, 2000. On August 22, 2001, the plaintiff requested a hearing, which was held on November 29, 2001. The Administrative Law Judge ("ALJ") assigned to Bonds' claim denied his application for DIB on January 22, 2002 and found that the plaintiff was not under disability. On September 9, 2002, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. A supplemental hearing was held on March 12, 2003, and during that hearing, the plaintiff amended his alleged onset of disability date to September 27, 2001. On December 19, 2003, the ALJ before whom the plaintiff appeared found Bonds was not entitled to benefits. That denial was affirmed by the Appeals Council on September 29, 2004, and the plaintiff did not seek federal court review.

Bonds filed the current application for DIB on October 28, 2004, alleging that he became disabled as of December 20, 2003, the day after the second ALJ decision in the prior application. The plaintiff requested a hearing on October 28, 2004 and appeared before an ALJ on September 7, 2006 who considered the case <u>de novo</u>. On October 31, 2006, the ALJ before whom the plaintiff and his attorney appeared found the plaintiff was not under a disability. The Appeals Council adopted the ALJ's finding on March 30, 2007, and the plaintiff then filed this action for judicial review.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 217); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed his comprehensive Report on June 26, 2008, suggesting that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings.

Specifically, the Magistrate Judge suggests that the ALJ should (1) reevaluate the medical opinions of Dr. Strohmeyer, Dr. Eline, and Dr. Kukla in light of the five factors announced in the regulations; (2) clarify Dr. Strohmeyer's findings to the extent they are contradictory in accordance with the cited regulations; and (3) obtain vocational expert testimony, in the event the ALJ reaches step five of the sequential analysis, in order to establish whether the plaintiff can perform other work despite his exertional and nonexertional limitations.

The parties were advised of their right to file specific written objections to the Report. The defendant filed a notice advising the court it would not be filing an objection.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case. The Magistrate Judge's findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the Magistrate Judge's Report.

IT IS SO ORDERED.

July 29, 2008                         s/ Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge